## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| HERMAN MORRIS, : | |
| : | |
| Petitioner, : | |
| : | NO. 4:11-CV-189-CDL-MSH |
| VS. : | |
| : | 28 U.S.C. § 2254 |
| Warden GREGORY McLAUGHLIN, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

On December 9, 2011, Petitioner Morris, who is currently serving his sentence at Macon State Prison in Oglethorpe, Georgia, filed the above-styled action. The record reveals that Petitioner was found guilty in the Muscogee County Superior Court on May 13, 1999, of malice murder, felony murder, possession of a firearm during the commission of a crime, kidnapping, and aggravated assault. (Resp't's Ex. 10-6, at. 61-64; ECF No. 10.) Petitioner was sentenced to serve life in prison for the malice murder charge, plus five years on the possession of a firearm charge, ten years for kidnapping, and ten years for the aggravated assault charge, with all sentences to be served consecutively. (Resp't's Ex. 10-6, at. 143, 577.) Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Supreme Court. (Resp't's Ex. 10-1.) On January 30, 2006, the Georgia Supreme Court affirmed Petitioner's convictions. *See Morris v. State*, 280 Ga. 179, 181 (2006).

On July 27, 2006, Petitioner filed a state habeas petition in the Macon County

Superior Court which was ultimately denied on February 18, 2010.  (Resp't's Ex. 10-2, 10-3.)  Petitioner then filed a timely Application for Probable Cause to Appeal which was denied by the Georgia Supreme Court November 7, 2011.  (Resp. Ex. 10-4).  Petitioner thereafter filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254.  Respondent filed his Answer-Response on March 21, 2012 (ECF No. 9), and his Exhibits were filed on March 23, 2012 (ECF No. 10).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> 
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > 
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> 
> > (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> > 
> > > (A) the claim relies on –
> > > 
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > 
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 364. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 363. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 363. The Eleventh Circuit has recently reiterated this standard in *Cave v. Secretary for Dep't of Corrections*, wherein the Court stated that "habeas relief under § 2254(d)

3

serves as a guard against extreme malfunctions in the state criminal justice systems, and, as such, federal relief under that provision must be limited to claims where the prior state court ruling was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Cave*, 638 F.3d 739, 748 (11th Cir. 2011) (internal quotation marks and citations omitted).

## **Petitioner's Claims**

Petitioner's application for a federal writ of habeas corpus cites twelve grounds for relief. Specifically, Petitioner contends that the evidence at trial was insufficient to sustain his convictions (Ground One), his trial counsel was ineffective (Grounds Two and Three), his appellate counsel was ineffective (Grounds Four through Eleven), and that his due process rights were violated where he was prosecuted under an indictment that was *nolle prosecui,* i.e. dismissed . (ECF Nos. 1, 13.)

### I. Sufficiency of the Evidence

In Ground One, Petitioner contends that the trial court erred in finding that there was sufficient evidence to sustain his convictions, where the only evidence linking him to the crimes was hearsay testimony by witness Johnerson Adams. (Pet'r's Pet. 5, ECF No. 1.) As noted *supra,* this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so that the threshold question is whether the state appellate court's determinations warrant deference under 28 U.S.C. § 2254(d). *Renico v. Lett*, 559 U.S. ___, 130 S.Ct. 1855, 1862 (2010).

In this case, the record reveals that Petitioner raised this contention before the Georgia Supreme Court in his direct appeal, wherein the Court addressed the claim, finding as follows:

> The State's evidence showed that the crimes arose out of a dispute over a drug deal in which Davis sold contraband that Morris believed was of inferior quality. Morris, along with the two accomplices, kidnapped Davis. They drove to a remote area, where the victim was shot several times. Construed most strongly in support of the guilty verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of Morris' guilt of murder and the related crimes beyond a reasonable doubt.

*Morris v. State*, 280 Ga. 179, 181 (2006). Having made the above findings from the record in Petitioner Morris's case, the Georgia Supreme Court, applying the proper federal law, made the reasonable conclusion that the evidence was sufficient to allow the jury to find Petitioner guilty beyond a reasonable doubt of each crime for which he was convicted. *Id.*; citing *Jackson v. Virginia,* 443 U.S. 307 (1979). The Georgia Supreme Court's analysis cannot be shown to be contrary to or an unreasonable application of clearly established federal law. Therefore, this court should defer to the Georgia Supreme Court's merits adjudication under the mandate of 28 U.S.C. § 2254 and *Williams v. Taylor*, 529 U.S. at 412, and conclude that as to Petitioner's Ground One, the evidence in the case as a matter of law is sufficient to support the relevant convictions. Federal habeas relief should thus be denied as to this Ground.

## II.     Ineffective Assistance of Counsel

In Grounds Two and Three, Petitioner argues that his trial counsel was ineffective. Specifically, Petitioner contends counsel failed to raise hearsay objections to portions of the testimony of Detective Tyner, the investigating officer in this case, and failed to

"object or move to quash by demurrer" count three which charged Petitioner with firearm possession "where the predicate offenses were alleged in the alternative, to wit: murder, kidnapping or aggravated assault." (Pet'r's Pet. 8.)

In his direct appeal to the Georgia Supreme Court, Petitioner cited these two Grounds, which were found to be meritless. In finding that Petitioner's trial counsel was not ineffective, the Court relied on the standard for making that determination as set out in *Strickland v. Washington,* 466 U.S. 668 (1984). *See Morris,* 280 Ga. at 181. *Strickland* holds that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland,* 466 U.S. at 698-99.

Specifically, as to Ground Two, the Georgia Supreme Court found that "most, if not all, of the information contained in [Detective Tyner's] testimony was otherwise presented to the jury by witnesses having personal knowledge of the events in question." *Morris,* 280 Ga. at 180. The Court further held that "[s]ince the officer's cumulative and immaterial testimony was not a contributing factor in the return of the guilty verdicts, there is no reasonable probability that Morris might have been acquitted but for the attorney's failure to object to its admission. The verdicts were based on the other witnesses' probative testimony, and not on any hearsay repeated by the policeman." *Id.*

With regard to Ground Three, the Court held that "even assuming that the [possession of a crime during the commission of a felony] count was subject to demurrer, the failure to pursue the matter obviously had no adverse effect on Morris' defense, since

it clearly informed him of the predicate offenses and the evidence showed that he was guilty of all three of them. Accordingly, this assertion of ineffectiveness on the part of his lawyer has no merit."

As such, Petitioner has failed to establish the requisite prejudice from trial counsel's failure to object to the testimony of Detective Tyner or his failure to attempt to quash the possession of a firearm charge.  Pursuant to *Williams v. Taylor*, then, this Court is required to defer to the rulings made by the state appellate court.  Petitioner's application for habeas relief on this ground should be denied.

## III.    Ineffective Assistance of Appellate Counsel

In Grounds Four through Eleven, Petitioner alleges that he received ineffective assistance of appellate counsel.  (Pet'r's Pet. 9.)  More specifically, Petitioner argues that his appellate counsel: (4) failed to assert that the instructions on the definition of malice murder were erroneous and misleading; (5) failed to assert that the trial court removed an essential element of malice murder from the jury's consideration; (6) failed to assert that the erroneous jury instruction given by the trial judge allowed Petitioner to be convicted "in a manner of malice murder not alleged in the indictment"; (7) failed to assert that the trial court gave an erroneous and incomplete jury charge as to the guilt of a party to a crime; (8) failed to assert that Petitioner was denied his Sixth Amendment right of confrontation where the trial court allowed hearsay testimony by the investigating police officer; (9) failed to consult with Petitioner on the Motion for New Trial and his direct appeal; (10) failed to obtain the consent of both Petitioner and a co-defendant regarding

the conflict of interest that arose because counsel represented both parties; (11) and failed to allege that Johnerson Adams gave false and perjured testimony at the trial. (*Id.*)

As discussed above, *Strickland v. Washington* is the standard by which the effectiveness of trial counsel is determined. The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-397 (1985). Prior to *Evitts,* the Supreme Court had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue dealt with an attorney=s alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner=s appellate counsel. *See Burger v. Kemp*, 483 U.S. 776 (1987). Specifically, the Court stated that the appellate attorney=s decision Awas supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*.@ *Id.*

As stated *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an

8

unreasonable finding based on the facts of the case. *See also Early v. Packer*, 537 U.S. 3, 7 (2002).  The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of his appellate counsel.  The record reveals that the Macon County Superior Court, wherein Petitioner raised the same claims during his state habeas proceedings, found that Petitioner's claims of ineffective assistance of his appellate counsel provided him no basis for relief. (Resp't's Ex. 10-4.)  More precisely, the state habeas court determined that Petitioner's claims regarding the jury instructions related to the charge of malice murder in Grounds Four through Six did not provide him any relief because Petitioner failed to establish that counsel's failure to raise the issues was unreasonable or caused any prejudice to Petitioner's case.  (*Id.* at 9, 10.)  The state habeas court further determined with regard to the remaining claims that that Petitioner's appellate counsel was not ineffective and that Petitioner failed to show that his actions violated the *Strickland* standard.  Petitioner has not shown that the state habeas court's decision was contrary to or an unreasonable application of the law.  Thus, the state habeas court's decision warrants deference and Petitioner's claims should fail.

## IV.    Procedural Default

In his last claim, Ground Twelve, Petitioner argues that his due process rights were violated where he was tried on an indictment which had been nolle prossed.  A review of the record reveals that Petitioner raised this issue his state habeas petition, but

9

failed to raise it during his trial or on direct appeal. (Resp't's Ex. 10-4.) The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302(citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999).

> The Eleventh Circuit, in ruling on this issue, held that:
>
> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga. Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold [Petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998) (alterations in original). In this case, the state habeas court found that this claim was procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d), where Petitioner failed to raise the issue at trial and on direct appeal which would have preserved them for review.  (Resp't's Ex. 10-4.) Inasmuch as Petitioner's claim is legally barred in the State court for not having been timely raised there, by the foregoing federal authority, it is likewise barred from consideration in this court. Therefore, for the above reasons, Petitioner's claim in Ground Twelve is procedurally barred from review in this Court.

### V.     Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the Court is recommending the denial of his application for habeas relief, Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as well as his various pending motions, be **DENIED**.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of June, 2012.

                                              S/ STEPHEN HYLES
                                              UNITED STATES MAGISTRATE JUDGE